IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eric Youmous, #281091, | ) | C/A No. 4:08-2504-GRA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, Lieber Correctional Institution; Jon Ozmint; and State of South Carolina, | ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, Eric Youmous, ("Petitioner/Youmous) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 11, 2008. Respondent filed a motion for summary judgment on January 5, 2009, along with a return and supporting memorandum. An order was filed on January 5, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on February 9, 2009.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner. Therefore, the undersigned will set out the procedural history

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

as set forth by the Respondent.

    The Petitioner, Eric Youmous, # 281091, is presently confined in Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Richland County. The Petitioner was indicted at the September 2000 term of the Richland County Grand Jury for murder (00- GS-40-53271), armed robbery (00-GS-40-52993)(which occurred on May 28, 2000)(App.p. 9) and kidnapping (00-GS-40-53272). He was represented by Lee Coggiola, Esquire of the Richland County Public Defenders Office. On January 11, 2002, the Petitioner pleaded guilty to murder, armed robbery, and kidnapping, as indicted "without negotiations or recommendation." He was sentenced by the Honorable L. Henry McKellar to confinement for a period of forty years for murder, thirty years concurrent on armed robbery and thirty years concurrent on kidnapping with credit for 568 days of jail time. App.p. 1-44. The Petitioner did not appeal his conviction or sentence.

    The Petitioner filed an application for post conviction relief (APCR) on January 13, 2003 in Richland County. <u>Youmous v. State</u>, 2003-CP-40-0232. App.p. 45. The Respondent made its Return and Motion to Dismiss on July 8, 2004. App.p. 50. In his application for post-conviction relief, the Petitioner alleged he was being held in custody unlawfully for the following reasons:

    1)    Ineffective assistance of counsel in that counsel failed to investigate the proximate cause of death;

    2)    Ineffective assistance of counsel in that counsel failed to investigate the facts and circumstances surrounding the altercation between the victim and the applicant;

    3)    Ineffective assistance of counsel in that counsel failed to advise the applicant of any plausible defense; and

    4)    Ineffective assistance of counsel in that counsel coerced the applicant into pleading guilty.

On January 12, 2006, counsel Tara Shurling made the following amendments to the application:

1. Trial counsel was ineffective in failing to explain the law as it pertains to voluntary manslaughter.

2. Trial counsel was ineffective for neglecting to explain the procedure that could be used to attack the admissibility of his statements if he was tried by a jury.

3. Trial counsel failed to explain to the Applicant that any trial ruling on the admissibility of his statements would be appealable to a higher court if he were convicted.

4. Trial counsel failed to provide the Applicant effective assistance of counsel when he failed to ensure that Applicant was not given a sentence for kidnapping in addition to his sentence for murder.

App.p. 55-56. A hearing into the matter was convened on January 17, 2006, at the Richland County Courthouse before the Honorable G. Thomas Cooper, Presiding Judge. App.p. 58-63. The Petitioner was present at the hearing and was represented by Tara D. Shurling, Esquire. The Respondent was represented by Robert L. Brown of the South Carolina Attorney General's Office. The State made a motion to dismiss due to the failure to timely file his application pursuant to the state PCR statute of limitations, where his plea was entered on January 11, 2002, and the application was filed on January 13, 2003, making it two days untimely under the one year statute of limitations. S.C. Code Ann. Section 17-27-45. App.p. 59. Counsel Shurling asserted that the petition was notarized on January 10, 2003, before the statute had run and asserted that a good faith attempt was made to have the matter timely filed. Counsel Shurling conceded that the case law on limitations was against her position. App.p. 62. The PCR Judge orally granted the motion to dismiss. App.p. 63. On February 22, 2006, Judge Cooper entered a written order finding that the Petitioner had failed to file his

3

application for post-conviction relief in a timely manner and dismissed the application with prejudice. App.p. 65-68.

The Petitioner made an appeal to the South Carolina Supreme Court. On appeal, he was represented by Deputy Chief Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense. On August 21, 2006, counsel made a Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988)] Petition for Writ of Certiorari and petition to be relieved as counsel asserting as the sole arguable ground for relief "[T]he PCR court erred in dismissing petitioner's action as untimely filed." The State waived a response. On June 7, 2007, the South Carolina Supreme Court entered its order denying the petition after review under Johnson and granting counsel's request to withdraw. Youmous v. State, Order (S.C.S.Ct. June 7, 2007). The remittitur was entered on June 25, 2007.

## II.  HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

I. Ineffective assistance of counsel:

a)  Counsel failed to investigate the proximate cause of death;
b)  Counsel failed to investigate the facts and circumstances surrounding the altercation between the victim and the applicant;
c)  Counsel failed to advise the applicant of any plausible defense; and
d)  Counsel in that counsel coerced the applicant into pleading guilty

(Petition).

### III.  SUMMARY JUDGMENT

On January 5, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material

5

fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Youmous filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams

v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

### V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

The applicable law is as follows: The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2]  Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the

---

[2] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

7

> time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was sentenced on January 11, 2002, and had ten days to file an appeal. Petitioner did not file a direct appeal. Accordingly, the one year time within which to file for federal habeas relief began to run after he pleaded guilty and the ten days to file a direct appeal had expired on January 21, 2002.  Therefore, Petitioner had until January 21, 2003, to file his habeas action under the AEDPA statute of limitations absent any tolling.

Petitioner filed his APCR on January 13, 2003.  Petitioner's APCR was dismissed as barred by the state statute of limitations.[3] Petitioner appealed the dismissal of his APCR to the South

---

[3] In the Order of Dismissal, the PCR judge concluded as follows:

> At the hearing, the Applicant argues that the application reflected that the application was notarized on January 10, 2003, indicating a good faith attempt was made to submit the application on time. This court relies on S.C. Code Ann. 17-27-40 which states, "[a]

8

Carolina Supreme Court and a <u>Johnson</u> petition was filed on his behalf. The South Carolina Supreme Court denied the petition for certiorari and a remittitur was filed June 25, 2007. The filing of this PCR did not toll the time period as it was dismissed as time barred and, thus, was not "properly filed." Petitioner did not file his federal habeas petition with this court until July 11, 2008, with a <u>Houston v. Lack</u>, <u>supra</u>, delivery date of June 24, 2008.[4] Accordingly, Petitioner is time barred in that he did not file his habeas petition within the limitations period.[5]

Petitioner has not presented sufficient evidence to warrant equitable tolling. In the case of <u>Rouse v. Lee</u>, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases . . . and to further the principles of

> proceeding is commenced by *filing* an application verified by the applicant with the clerk of court in which the conviction took place." (Emphasis added). Under South Carolina law, mailing does not constitute filing. When a statute requires the filing of a paper or document, it is filed when delivered to and received by the proper officer. <u>Gary v. State</u>, 347 S.C. 627, 557 S.E.2d 662 (2001); <u>Fox v. Union-Buffalo Mills</u>, 226 S.C. 561, 86 S.E.2d 253 (1955). Here, the Clerk of Court for Richland County did not receive the application until January 13, 2003, as indicated by the time-stamp on the front page of the application.

---

[4] See date Petitioner's habeas petition was signed.

[5] Even if the APCR had not been dismissed as time barred and the time period had been tolled, this habeas petition would still be time barred. Petitioner's conviction was final on January 21, 2002, and he did not file his APCR until January 13, 2003. Therefore, three hundred and fifty-seven (357) days of non-tolled time lapsed between the conclusion of direct review and the filing of the PCR application. Petitioner only had eight (8) days to file his habeas petition from the time his collateral review ended. The South Carolina Supreme Court denied and dismissed the appeal from the denial of the APCR on June 25, 2007, and he waited until July 11, 2008, to file his habeas petition. Therefore, the time had expired.

Additionally, Petitioner waited over a year from the time of the conclusion of his state proceedings on June 25, 2007, until he filed his federal habeas petition on July 11, 2008, making it outside the limitations period.

comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

10

Id. at 246-247.

Applying the law as described, Petitioner has not presented an extraordinary circumstance beyond Petitioner's control. Likewise, it is well established that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). [6]

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #19) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 30, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[6] As the petition is barred by the statute of limitations, the grounds raised in the petition will not be addressed on the merits.